UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-6343-DMG (ASx) | Date | September 23, 2024 |
| Title | KH Capital, Inc. v. MV DF and RF Pleasure | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

This is an admiralty and maritime claim for enforcement of a maritime lien *in rem* brought by Plaintiff KH Capital, Inc. against Defendant M/V DF & RF PLEASURE, formerly known as M/V FX FX, Manufacturer Hull Number: RYD081040380, its freights, engines, machinery, furniture, appurtenances, and tackle, etc. (the "Vessel"). [Doc. # 1.] Plaintiff filed a Complaint on August 5, 2021, asserting a maritime lien for necessaries under 46 U.S.C. section 31342 of the Commercial Instruments and Maritime Lien Act. [Doc. # 1.] The Court issued an Initial Standing Order on August 10, 2021. [Doc. # 15.] The Clerk issued summons against the Vessel on August 6, 2021. [Doc. # 11.]

On August 6, 2021, Plaintiff filed an *ex parte* application for judicial review of the verified complaint *in rem* and, upon finding good cause, a warrant for the arrest of the vessel under Rule C(3) of Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. [Doc. # 10.] On August 10, 2021, Hon. Alka Sagar, United States Magistrate Judge, granted the application and directed the Clerk to issue a Warrant of Arrest for the Vessel. [Doc. # 16.] Any person claiming interest in the Vessel was entitled to an order requiring Plaintiff to show cause why the arrest should not be vacated or other relief granted. [Doc. # 16.]

The Order further directed the United States Marshal to keep and maintain the Vessel, and the Plaintiff to pay all fees and costs associated with arrest, storage, and maintenance, all until resolution of the case or further orders of the Court. [Doc. # 16.] Plaintiff was directed to, upon issuance of the Order and the Warrant of Arrest, give notice to the owner of the Vessel and any known attorney(s) of such owner. [Doc. # 16.] The owner of the vessel is known. [Doc. # 1.] The Clerk issued a Warrant of Arrest the same day.[1] [Doc. # 17.]

---

[1] Upon completion of service, the Marshal shall file proof thereof in the appropriate form. Local Admiralty Rule E.6. No proof of service has been filed on the docket. As the party requesting the Warrant of Arrest, Plaintiff was required to provide instructions to the Marshal. Local Admiralty Rule E.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-6343-DMG (ASx) | Date | September 23, 2024 |
| Title | KH Capital, Inc. v. MV DF and RF Pleasure | Page | 2 of 2 |

    In an action *in rem* under Supplemental Rule C(6)(a), any person who wished to assert a right of possession or any ownership interest in the Vessel was required to file a verified statement of right or interest within 14 days after the execution of process. No such statement has been filed. Additionally, Plaintiff has not filed the proof of publication required under Supplemental Rule C(4) and Local Admiralty Rule C.3, which should have been filed with the Clerk not later than 30 days after publication.

    Furthermore, no one has appeared claiming any interest in or claim against the Vessel and Plaintiff has not filed any application seeking default judgment in an action *in rem*. Fed. R. Civ. P. 55(a); Local Admiralty Rule C.4; Local Admiralty Rule C.5.

    Over three years have passed since the Warrant of Arrest was issued. As such, Plaintiff is **ORDERED TO SHOW CAUSE** in writing no later than **September 30, 2024**, why this action should not be dismissed for lack of prosecution. Plaintiff is advised that failure to file a timely response to this Order shall be deemed consent to the dismissal of this action without prejudice.

**IT IS SO ORDERED**.